JEANETTE MANDRACKIE ET VIR. ET AL., PLAINTIFFS, v. FRED FISCHER AND FREDERICK DeNICKE FISCHER, DEFENDANTS.

Submitted January term, 1929—Decided May 8, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the rule, *Samuel L. Hirschberg.*

Contra, *Autenrieth, Gannon & Wortendyke.*

PER CURIAM.

This suit was brought by Jeanette Mandrackie (her husband, Andrew Mandrackie, joining for incidental damages), Anna Bruno, Mildred Bruno and Lillian Bruno for injuries alleged to have occured while the plaintiffs were occupants of a car driven by the plaintiff Andrew Mandrackie, as a result of a collision with a car owned by Fred Fischer and driven by Frederick DeNicke Fischer. At the trial at the Hudson Circuit Lillian Bruno was nonsuited. Verdicts were rendered in favor of Fred Fischer as against all of the plaintiffs and in favor of Frederick DeNicke Fischer as against the plaintiffs Jeanette Mandrackie, Andrew Mandrackie and Anna Bruno. A judgment in favor of Mildred Bruno and against the defendant Frederick DeNicke Fischer was rendered for the sum of $100. Judgment was entered on the verdicts and the plaintiffs, having taken a rule to show cause why a new trial should not be granted, filed six reasons, of which three are argued on the brief, namely:

1. The verdicts in favor of the defendant Frederick DeNicke Fischer, are inconsistent with the verdict in favor of the plaintiff Mildred Bruno, and against him.

2. The verdict of $100 in favor of Mildred Bruno is grossly inadequate and should be set aside as to damages only.

3. The verdicts in favor of the defendant Frederick DeNicke Fischer, are against the great weight of the evidence.

An examination of the evidence discloses that the question of negligence was in serious dispute. We are unable to say that the verdicts of the jury against Jeanette Mandrackie, Andrew Mandrackie and Anna Bruno were so clearly against the weight of the evidence as to have been the result of either mistake, passion, prejudice or partiality. This being so, they are not subject to be set aside on the mere argument that the Mildred Bruno verdict was inconsistent therewith. The several verdicts are the result of separate and distinct causes of action which, for convenience and under modern practice, are tried together. Each claim, however, remains a separate claim.

The plaintiffs ask for a new trial as to Miss Mildred Bruno on the single ground that the verdict is grossly inadequate and should be set aside as to damages only. With respect to Miss Mildred Bruno the evidence was that the plaintiff had received a slight injury to a shoulder which lasted for about two weeks, and that subsequently there developed what was designated as a traumatic hysteria of the spine—a psychic condition dependent upon mental shock. Assuming liability established, it was within the province of the jury to discard the spinal hysteria as being disconnected with the accident and to make its award on the hypothesis that the plaintiff had received a minor injury from which she suffered for two weeks and then recovered. Apparently this is what the jury did. A verdict of $100 cannot be considered as grossly inadequate.

We consider that none of the grounds set forth warrant a setting aside of the verdicts. The rule to show cause is therefore discharged, with costs.